CHARLES A. LEE, Doing Business as NORTH EAST LAUNDRY, Respondent, *v.* INDUSTRIAL LAUNDRY MACHINERY CO., INC., Appellant.

Fourth Department, May 7, 1941.

*Joseph W. Martin* [*MacFarlane & Harris* of counsel], for the appellant.

*Richard J. Baker*, for the respondent.

CROSBY, P. J. Defendant appeals from a judgment for $750 recovered against it by plaintiff. The action is one brought, in contract, for damages for breach of warranties in the sale of a laundry machine known as an ironer. Although plaintiff alleged in one part of his complaint that defendant made the warranties knowing them to be false and that plaintiff relied on them to his damage, the complaint as a whole clearly brands the action as one *ex contractu*, and the case was tried on that theory. Plaintiff did not make proof to support a fraud action. Furthermore, the trial court, in its charge, instructed the jury that the action was one in contract for breach of warranty, and no exception was taken.

Defendant-appellant persuasively argues that the jury's verdict is against the weight of the evidence. There is some evidence that the ironer did not meet all the requirements of the contract of sale. In any case, the judgment should be reversed because of errors of law committed at the trial.

The contract of sale was in writing. By its terms defendant sold to plaintiff: " 1 48"x120" ASHER Ironer; rebuilt as per Industrial Standard Specifications; guaranteed in first-class condition; including 5 horsepower slip ring motor for 220 volt, 3 phase, 60 cycle, A.C.; customer will furnish own starter and regulator. #X5601."

The contract further provides for the place of delivery, and the price, a part of which is to be paid by turning in an old machine. The contract further provides that there are no warranties other than those written in the contract, and there is a further provision that, if any of the written warranties are breached, the purchaser's only remedy is to require the seller, upon demand, to remedy the defects with new parts.

In order to point out the errors complained of it is necessary to call attention to paragraph VIII of the complaint and the bill of particulars which was given to explain the same. The eighth paragraph of the complaint details the warranties claimed to have been breached. In subdivision 2 of that paragraph it is alleged that the warranty that the ironer was of a " very late type " was breached, and in subdivision 5 it is alleged that there was a breach of the warranty: " that as a part of said machine * * * the defendant would supply and deliver a motor to operate said machine which said motor would conform to operation with the controller for such motor of the plaintiff's."

In his bill of particulars plaintiff states that the warranties mentioned in subdivisions 2 and 5 of paragraph VIII of his complaint were made orally, outside of the written contract, and a week or ten days before the contract was made.

On the trial plaintiff was permitted, under objection, to testify that defendant's agent told him that the ironer " was a very late model," and that a picture of a certain machine in an old circular, put out by defendant, was a picture of " the identical machine " being sold to him. The pictured machine has the number 5438 plainly stamped thereon. The written contract calls for a machine numbered X5601, which was the number of the machine delivered and installed by defendant and accepted and used by plaintiff.

Plaintiff was also permitted to testify that defendant's agent " told me if I sent my 3-horsepower motor back that they would send me a 5-horsepower motor *to conform with the controller and regulator that I had there.*" The written contract contained no condition that the motor would be adapted to the controller and regulator that plaintiff had.

We must keep in mind that these claimed oral warranties made by defendant all preceded the execution of the written contract by a week or ten days. To admit proof of them was a violation of the rule that a written contract cannot be varied by evidence of previous conversations or unsigned memoranda which are all conclusively presumed to be embodied in a written instrument. (*Loomis* v. *N. Y. C. & H. R. R. R. Co.*, 203 N. Y. 359; *Lese* v. *Lamprecht*, 196 id. 32; *Lossing* v. *Cushman*, 195 id. 386; *Waters, Inc.*, v. *March*, 240 App. Div. 120.)

True, there are authorities holding that oral proof may be taken to show that a contract was induced by fraud, or that what appears to be a contract was never delivered, or that the contract was delivered to become operative only on the happening of a condition precedent. But the general rule is that when parties go to the pains to put their stipulations in writing they are presumed to have merged all sales talks and negotiations into the written contract. That oral evidence may be given to explain ambiguous terms in a contract is no exception to the general rule. That is not done to alter the contract but rather to show what it really is. Defendant made no objection when plaintiff showed by oral evidence outside the written contract what was meant by the term " rebuilt as per Industrial Standard Specifications."

Another error, it seems to us, was committed in ignoring the stipulation in the contract by which the parties agreed that: " Where company specifically guarantees any chattel as to its mechanical condition, and there is a breach of such warranty, then customer's

only and exclusive remedy shall be to require company to deliver to a carrier properly consigned to customer a suitable part or parts to remedy such defect."

To be sure section 150 of the Personal Property Law provides that an action for damages for breach of warranty survives acceptance. But section 152 authorizes the parties to agree upon the method of adjusting damages for breach of warranty. (*Plimpton* v. *Brown Brothers Co.*, 224 N. Y. 724.) The stipulation last quoted furnished plaintiff a complete remedy. Apparently the reason why the court ignored this provision of the contract was that new parts could not make an old machine into one of a " very late type." But, as has already been stated, it was improper to admit oral evidence that a machine of a " very late type " was sold. The contract itself shows that the machine was one that had to be " rebuilt."

It also seems to us that the finding of the jury that there were breaches of the warranties contained in the written contract was against the weight of the evidence. Plaintiff admitted, on cross-examination, that, after the machine was installed by defendant and tested, he signed a certificate containing these two statements: " Ironer all installed and padded, run and tested, and everything satisfactory," and " Except motor was wrong type for controller as guaranteed."

Plaintiff testified that when he signed the certificate the first quoted statement was not written therein, but admitted that the second quoted statement was in his own handwriting. There is no satisfactory explanation of the reason for his use of the word " Except." The inference is almost irresistible that plaintiff's exception referred to the alleged oral warranty, made a week or ten days before the contract was signed, that defendant would furnish a motor which (to quote from the complaint) " would conform to operation with the controller for such motor of the plaintiff's."

The judgment and order should be reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event.

All concur. Present — CROSBY, P. J., CUNNINGHAM, DOWLING, HARRIS and McCURN, JJ.

Judgment and order reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event.